HAMILTON, J.
It appears from the petition that William McHenry, Jr., a boy, 11 years of age, was a pupil in the public schools under the jurisdiction of the board of education of the school district of Cincinnati, Ohio; that he was required by the principal of the school to submit himself for examination and treatment for his teeth to a dentist who was an employe of the defendant, and that without the knowledge of his parents the dentist extracted one of the boy’s teeth, and in doing so fractured the jawbone; and that he was negligently treated and as a result suffered from blood poisoning, the removal of his jawbone, the amputation of his left leg, stiffening of the shoulder and other injuries. The petition prayed for damages.
To this petition the defendant filed a demurrer on the ground that the court had no jurisdiction of the subject of the action and that the petition did not state facts which showed a cause of action. The trial court sustained the demurrer and dismissed the petition. Error is now prosecuted to this court.
There is no statutory authority for maintaining such an *474 action. It was formerly stated to be tbe settled law of tbe state of Ohio, as well as of the land, that such a body corporate as the defendant herein is not liable for an action in tort unless specifically authorized by the statute, and this rule has been so well settled, and so often thus decided, that the citing of authorities is unnecessary. It appears, however, that our own Supreme Court, in the recent case of Fowler v. Cleveland, 100 Ohio St. 158, departed from this which seemed to be the established law of the land. That case was an action brought against the city of Cleveland by the plaintiff for the wrongful death of Fowler, caused by its fire department’s motor hose truck in returning from a fire. The ease of Frederick v. Columbus, 58 Ohio St., 538 [51 N. E., 35] has been the recognized authority in the state of Ohio for holding that such actions can not be maintained without statutory authority. In the Fowler case the Frederick case is specifically overruled, thereby departing from the settled law with reference to the liability of municipal corporations for tort. The question then is, Does the Fowler case apply to other governmental subdivisions of the state? Plaintiff’s right to maintain this action must be founded upon the rule pronounced by the court in the Fowler case. The principle announced as set forth in the third proposition of the syllabus in the Fowler case is:
“But where a wrongful act which has caused injury was done by the servants or agents of a municipality in the performance of a purely ministerial act which was the proximate cause of the injury without fault on the part of the injured person respondent superior applies and the municipality is liable. ’ ’
It will be noted a distinction is made between acts performed in a governmental capacity and the performance of purely ministerial acts, but there seems to be no well-settled line of demarcation between what constitutes a governmental act and a purely ministerial act. However, that need give no concern in the consideration of this case, for the reason that the act of negligence complained of is clearly within the meaning of a purely ministerial act. The trial court in its decision undertook to make a distinction between the applicability of the rule in the Fowler case to municipalities and its applicability to other corporate entities, *475 and this position is also taken by counsel for defendant in error here. However, no authority or reason is announced for that distinction, and it rests on the statement that the Fowler case only determines the questions as to municipalities and does not extend to other subdivision corporate entities, the claim being that other subdivisions are but qws¿-corporate entities. While the holding in the syllabus in the Fowler ease only applies .to municipalities, if we are to consider the reasoning and logic of the decision, as pronounced by Judge Johnson, for the majority of the court, we are led to the conclusion that the court intended the rule to apply generally to subdivisions of the state wherever such subdivision is engaged in governmental or ministerial acts. That the board of education is such is clearly shown by See. 4749 6. C., which provides:
“The board of education of each school district, organized under the provisions of this title, shall be a body politic and corporate, and, as such, capable of suing and being sued, contracting and being contracted with, acquiring, holding, possessing and disposing of real and personal property, and taking and holding in trust for the use and benefit of such district any grant or devise of land and any donation or bequest of money or other personal property and of exercising such other powers and privileges as are conferred by this title and the laws relating to the public schools of this state.5 ’
The opinion of Judge Johnson is largely made up of eriticism of the rule which had heretofore existed, and the reasons for the same. The language used is general in its terms. That this is true is shown by the following excerpts from the opinion (pages 163 and 164) :
“The power to determine whether certain steps shall be taken in the interest of the public welfare is governmental, and the exercise and expression of the discretion as to the kind of steps and the extent of them is governmental. * * * It was a favorite maxim of the early times in this country that that government is best which governs least, and the authority of the federal government to make internal improvements was long contested. It was the natural expression of protest against the ancient idea that the sovereign was the active and all-pervading influence, and that the duty of the people was to exalt the sovereignty.
*476 “Now, the activities and undertakings of a municipal corporation are manifold. They reach and touch in countless directions. It seems to be utterly unreasonable that all these activities and enterprises which are brought closely home to the lives of all of the people of the municipality must still be regarded as bound up in the vague and uncertain sphere of what is called a governmental function. ’ ’
It will be noted that these remarks were made in discussing the distinction between governmental and ministerial functions, but there is nothing in the opinion in the way of discussion as to whether a municipality might be liable under such circumstances, and another subdivision of the state, having like duties by way of governmental or ministerial functions to perform, might not. That the court did not intend to limit the rule laid down in this ease to municipalities is further shown by reference to the fact that the general assembly of Ohio has by statute created a liability against a county in favor of persons injured by mob violence. While this refers to statutory authority on maintaining an action, it shows that the court was not limiting itself in its pronouncement of the new rule to municipalities. Judge Wanamaker in a concurring opinion goes further than the majority opinion and sweeps aside the question of class or subdivision or functions of a subdivision, and puts himself on the broad ground of the right of every person under the constitution for an injury done him in his land, goods, person or reputation to have remedy by due course of law.
The board of education as defined by the statute is “a body politic and corporate, and, as such, capable of suing and being sued, contracting and being contracted with,” etc. Its duties are governmental and ministerial. It has the power to determine whether certain steps shall be taken in the interest of the public welfare in educational matters, and the exercise and expression of the discretion as to the kind of steps and the extent of them, all of which is governmental.
It may well be claimed that formerly the action of school boards was governmental only. Now the activities, undertakings of the board of education in carrying out the modern thought of education and development of the physical, as well as of the mental side of the pupil, are manifold. They reach and touch in *477 countless directions. The health of the child is considered as important as the mental development. Medical examination is had in order to classify pupils. Music, art, domestic science, athletics and calisthenics all have been added. It seems unreasonable that all these activities and enterprises, “which are brought so closely home to the lives of the people of the school district, must still be regarded as bound up in the uncertain sphere of what is called a governmental function. ’ ’ In reason and in logic the rule in the case of Fowler v. Cleveland, supra,, applies to boards of education, and, is, therefore, controlling in this case. Until the Supreme Court limits the application of the principle this court should follow the rule enunciated by it.
The court erred in sustaining the demurrer to the petition and the judgment will be reversed.
Shohl and Cushing, JJ., concur.